UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14079-GAO

VALENTINO FACEY,
Petitioner,

v.

BRUCE GLEB,
Respondent.

OPINION AND ORDER
July 6, 2018

O'TOOLE, D.J.

The petitioner, Valentino Facey ("Facey"), was convicted of first degree murder and related crimes by a jury in Middlesex Superior Court and sentenced to life imprisonment. The charges arose from the fatal shooting of Bernard Johnson ("the victim") in August 2006. Facey and Walter Norris, the shooter and Facey's co-defendant, were tried jointly and both were convicted of first degree murder on theories of deliberate premeditation and extreme atrocity and cruelty. Both defendants were acquitted of felony-murder.

The Supreme Judicial Court ("SJC") affirmed Facey's convictions on direct appeal, Commonwealth v. Norris, 967 N.E.2d 113 (Mass. 2012), and the trial court denied his subsequent motion for a new trial, the appeal from which was also denied. Having exhausted state remedies, Facey now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C § 2254. He argues that the evidence presented at trial was insufficient to support his murder conviction, and that his trial counsel was ineffective. The relevant facts of this case are set forth in detail in the SJC's opinion.

**I.    Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief will not be granted as to claims adjudicated in state courts unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Habeas relief is available only if a state court decision is "objectively unreasonable," not merely erroneous or incorrect. Woodford v. Visciotti, 537 U.S. 19, 27 (2002). Unreasonableness in the § 2254 context requires "some increment of incorrectness beyond error." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002) (en banc) (citation omitted); accord Williams v. Taylor, 529 U.S. 362, 410 (2000) (cautioning that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original)). "The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." McCambridge, 303 F.3d at 36 (citation omitted). In sum, it is a standard that is "difficult to meet." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citation omitted).[1]

**II.    Sufficiency of the Evidence**

The petitioner first seeks relief under Jackson v. Virginia, claiming that the evidence at trial was insufficient to support his conviction of first degree murder. See 443 U.S. 307 (1979).

---

[1] Although both of the petitioner's arguments appear to be grounded in the unreasonableness inquiry under § 2254(d)(1), a considerable portion of his brief attempts to re-litigate the facts of the case. In the event that this was intended to establish an unreasonable determination of the facts under § 2254(d)(2), I find that the petitioner has failed to present clear and convincing evidence to rebut the factual determinations of the state courts. See 28 U.S.C. § 2254(e)(1).

Specifically, Facey claims that the Commonwealth failed to prove beyond a reasonable doubt that he and his co-defendant, Walter Norris, were operating as joint venturers, and that it was an unreasonable application of federal law for the SJC to hold otherwise.

Under Jackson, a reviewing court on direct appeal "may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). When presented as part of a habeas petition, however, these claims face a substantially higher bar "because they are subject to two layers of judicial deference." Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam). Federal courts reviewing Jackson claims under § 2254 must presume that all conflicting inferences were resolved in favor of the prosecution, see Jackson, 443 U.S. at 326, and may overturn a state court's Jackson analysis "only if the state court decision was 'objectively unreasonable,'" Coleman, 566 U.S. at 651 (quoting Cavazos, 565 U.S. at 2).

In order to prove joint venture, the Commonwealth was required to establish that Facey "(1) [was] present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit [the] crime, and (3) by agreement, [was] willing and available to help the other if necessary." Norris, 967 N.E.2d at 120 (quoting Commonwealth v. Zanetti, 910 NE.2d 869, 875 (Mass. 2009)); accord Commonwealth v. Green, 652 N.E.2d 572, 578 (Mass. 1995). Additionally, the Commonwealth was required to establish beyond a reasonable doubt that Facey knew Norris had a gun with him. Norris, 967 N.E.2d at 120, n.6 (citation omitted). Facey argues that the Commonwealth's evidence was insufficient to establish that he knew Norris had a gun, that he had an agreement (and therefore was in a joint venture) with Norris, or that he participated in the murder with the requisite intent. The question for this Court, however, is not

whether the record supported a Jackson claim in the first instance, but whether the SJC applied Jackson unreasonably in upholding his conviction.

In addressing the petitioner's arguments on direct appeal, the SJC examined the evidence adduced at trial to determine if any rational trier of fact could have found each of the elements that Facey now challenges as insufficient, beyond a reasonable doubt.[2] The SJC concluded that, on the trial evidence, a jury could have found that Facey knew Norris had a gun because Facey's DNA was consistent with one of the DNA profiles found on Norris's weapon, supporting the inference that Facey had handled the weapon at some point earlier in the night when Facey and Norris were admittedly socializing together. Norris, 967 N.E.2d at 119, 121. Additionally, the jury could have easily concluded that Facey knew Norris had a gun after he called for Norris and saw him brandish the weapon in the parking lot in front of Facey, pointing it at Johnson while someone shouted at Norris not to shoot. Id. at 121.

The SJC also highlighted evidence that, after Norris pointed his gun at the victim, Facey stepped away from the victim just before the fatal shots were fired—a reasonable inference being that Facey had moved away from the victim in order to give Norris a clear shot, making Facey an active participant in the crime. Id. This facilitation of the shooting, was sufficient evidence from which a jury could rationally infer that Facey agreed to, and was a willing participant in, the murder. See Norris, 967 N.E.2d at 121–22 (quoting Commonwealth v. Longo, 524 N.E.2d 67, 70–1 (Mass. 1988) (describing the fine-line between witnessing and participating in a crime, and explaining that such determinations are for the jury)). Contrary to the petitioner's arguments, there is no requirement that joint venturers form an express agreement to be held liable under that theory,

---

[2] The SJC applied the Latimore standard, Commonwealth v. Latimore, 393 N.E.2d 370, 374–75 (Mass. 1979), which adopted the holding of Jackson and serves as the functional equivalent of that standard for the purposes of this review. See Housen v. Gleb, 744 F.3d 221, 225 (2014).

4

and the evidence here was more than sufficient for jurors to infer one from the circumstances. See Commonwealth v. Semedo, 665 N.E.2d 638, 641 (Mass. 1996) ("[a]n agreement between joint venturers need not be express").

As for Facey's claim that the evidence did not establish that he acted to assist Norris with the requisite intent, that argument was clearly controverted, as the SJC noted, not only by the evidence that he moved to give Norris a clear shot, but also by witness testimony that just after the victim was shot six times by Norris, Facey walked up to the motionless victim and kicked him in the face before fleeing the scene (with Norris). See Norris, 967 N.E.2d at 122 (citing Commonwealth v. Hour, 841 N.E.2d 709, 715 (Mass. 2006) and Commonwealth v. Johnson, 683 N.E.2d 1388, 1389 (Mass. 1997) (both inferring malice from physical violence against unresponsive victims)); see also Commonwealth v. Soares, 387 N.E.2d 499, 506 (Mass. 1979) ("The jury may infer the requisite mental state from the defendant's knowledge of the circumstances and subsequent participation in the offense."). This testimony was also corroborated by abrasions on the victim's face and forensic evidence of the victim's blood on the toes of Facey's sneakers. Id.

It plainly cannot be said that the SJC's Jackson analysis was unreasonable. Accordingly the petitioner is not entitled to habeas relief on the ground that his conviction rested upon insufficient evidence.

### III. Assistance of Counsel

The petitioner also seeks relief under Strickland v. Washington, claiming that he was denied effective assistance of counsel because his counsel did not request a jury instruction on "defense-of-another." See 466 U.S. 668, 684–85 (1984). Facey asserts that the trial judge

applied Strickland unreasonably when she found that his trial counsel's representation was not constitutionally deficient.

In the first instance, ineffective assistance of counsel claims require a showing that counsel failed to act "reasonably considering all the circumstances," Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (alteration omitted) (quoting Strickland, 466 U.S. at 688), and that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. (quoting Strickland, 466 U.S. at 694). This standard of review, however, is also more burdensome when presented in a habeas petition because the "unreasonable application" clause in § 2254 demands significant deference to state-court decisions. See Visciotti, 537 U.S. at 24. The question for this Court is whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

In denying the post-appeal motion for a new trial, the trial court highlighted several reasonable arguments why counsel satisfied the Strickland standard.[3] First, and most importantly, such an instruction would have directly contradicted Norris' trial testimony that he acted solely in self-defense. In other words, the defense-of-another theory was inconsistent with the self-defense theory proffered by Norris. It would have invited the jury to disbelieve Norris's own testimony about his motive. It is hardly surprising that trial counsel for both Facey and Norris submitted

---

[3] The trial judge evaluated counsel's performance under the Saferian standard, Commonwealth v. Saferian, 315 N.E.2d 878 (Mass. 1974), which adopted the Strickland test and is functionally equivalent for the purposes of this review. See Smiley v. Maloney, 422 F.3d 17, 21 n.2 (1st Cir. 2005).

affidavits saying that it had not occurred to them to ask for a defense-of-another instruction. It would have been a bad idea.[4]

Additionally, an instruction on defense of another would have emphasized the friendship between Facey and Norris, which in turn would have strengthened the Commonwealth's felony murder theory that Norris was assisting Facey in his attempted robbery of the victim. Id. A successful claim of self-defense, conversely, would have benefited both Norris and Facey without giving ground to the prosecution. In sum, the trial court did not unreasonably apply the law in concluding that an instruction on defense of another "offered no real advantages and significant disadvantages." (App. 29 (dkt. no. 16-1).)

The petitioner is not entitled to habeas relief on the basis of ineffective assistance.

## IV. Conclusion

The petitioner has not shown that he is entitled to federal habeas relief on either of the grounds that he has presented. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1) is DENIED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[4] Neither Facey's nor Norris's counsel has asserted that if he *had* thought about it, he would have asked for a defense-of-another instruction. The reason is obvious. Neither would have.